Curran, Dennis J., J.

Procedural Background

Sean Farrell sued Stephen J. Traub, M.D. and Anjali Agrawal, M.D. for medical malpractice. On April 7, 2008, he filed a request for a medical malpractice tribunal. Dr. Agrawal filed a motion to dismiss which Mr. Farrell failed to oppose; the motion was allowed. Dr. Agrawal then filed a motion for a separate and final judgment which Mr. Farrell failed to oppose; this motion, too, was allowed. Final judgment, therefore, entered for Dr. Agrawal.
Turning to the case against Dr. Traub, the Court issued an Order for a medical malpractice tribunal to be held on November 13, 2008. A week before the tribunal, however, Mr. Farrell moved to continue its date; this motion was allowed. About six months later, the Court issued another Order for a medical malpractice tribunal, scheduling it for May 29, 2009. However, Mr. Farrell (and his counsel) failed to appear at the tribunal and further, failed to file an Offer of Proof. The tribunal found that Mr. Farrell had failed to present “. . . sufficient evidence to raise a legitimate question as to liability appropriate for judicial inquiry.” Pursuant to G.L.c. 231, section 60B, Mr. Farrell was required to file a bond in the sum of $6,000 within thirty days of the tribunal finding as a condition of his case proceeding further. Mr. Farrell failed to do so, instead choosing to file the bond 45 days after the issuance of the tribunal report. Because Mr. Farrell failed to timely post the bond, Dr. Traub filed a motion to dismiss the complaint. Mr. Farrell failed to oppose this motion too, and it was allowed on September 17, 2009. The Court also ordered the bond returned to counsel.
Three weeks after the allowance of the defendant’s motion to dismiss and the entry of judgment, Mr. Farrell filed a motion for reconsideration, which was allowed, and a motion to remove judgment of dismissal, a hearing on which was held on October 22, 2009.
This decision addresses the latter motion.

DISCUSSION

From these facts, it is obvious that Mr. Farrell was having difficulty all along in finding an expert witness to support his claims. At oral argument on this motion, his counsel candidly admitted that this was the case. The plaintiffs counsel also knew, or reasonably should have known, of this fatal flaw at any one of the case’s following mileposts:
- when he filed his complaint on December 20, 2007;
- when Dr. Traub filed the request for a medical malpractice tribunal on April 7, 2008;
- when the co-defendant Dr. Agrawal filed his motion to dismiss on July 3, 2008;
- when Mr. Farrell failed to file an opposition to Dr. Agrawal’s motion to dismiss;
- when Dr. Agrawal filed a motion for entry of separate and final judgment on September 10, 2008;
- when Dr. Agrawal’s motion was allowed and judgment entered on September 15, 2008;
- when the Clerk’s Office issued an Order for a medical malpractice tribunal on November 13, 2008;
*335 - when, a week before the tribunal, Mr. Farrell filed a motion to continue the tribunal;
- when the Clerk’s Office issued a second Order for a medical malpractice tribunal; and finally,
- when: (a) the medical malpractice tribunal was held; (b) Mr. Farrell (and his counsel) failed to appear; and (c) he failed to submit an Offer of Proof.
At the hearing on this motion, Mr. Farrell’s counsel forthrightly admitted he had counted on, but failed to receive, a favorable medical report[1] from an expert the week before the original malpractice tribunal scheduled for November 13, 2008. He also conceded that he had just received a favorable opinion letter — five months after the second tribunal date had passed and four months after the deadline for posting the bond.[2]
It is not the responsibility of the Court to artificially maintain a case where none exists. Mr. Farrell’s lawsuit was wanting, ab initio. Counsel well knew it and skillfully avoided the inevitable for quite some time. But in the end, despite good lawyering, a case must rise or fall on its own.
Mr. Farrell offers two reasons for his failure to timely act: first, he asserts that the Court should excuse his delay in posting the bond because his counsel was on vacation for fourteen of the thirty-day posting period and purportedly had no access to his checkbook while he was on vacation;[3] second, the Court must accord leniency because counsel — despite the clear requirement of the statute — chose to rely on the suggestion of a member of the Clerk’s Office staff that filing the bond after the thirty-day deadline would be, essentially, just fine.
The first argument, that a short (15-day) delay past the filing deadline ought to be excused, misses the elephantine point that counsel well knew — for over eighteen months — that this case would not be able to pass tribunal muster. Indeed, the ten case events, detailed above, afforded more than fair warning of the urgency of getting an expert witness on board. This was neither a case of surprise to counsel;[4] nor a situation of excusable neglect. Indeed, G.L.c. 231, section 60B requires dismissal if the bond is not timely posted. Instead, this case was defective from the start and was so exposed when finally called in the courtroom.
The second argument, that a member of the Clerk’s Office staff has the authority to override a statutory mandate, is meritless.

ORDER

For the following reasons, it is hereby ORDERED that the plaintiffs motion to remove judgment of dismissal be DENIED.

To the contrary, the opinion expressed was unfavorable to the plaintiffs case.

Even at this late day, plaintiffs counsel candidly admits that the author of this opinion letter does not practice in the field of emergency medicine, Dr. Traub’s specialty. Although this is of no consequence at the tribunal stage, it certainly poses a potentially lethal blow to the merits and continued viability of this case, if the case were allowed to proceed to trial.

he plaintiffs pleadings are silent as to whether counsel’s vacation excuses Mr. Farrell’s own failure to post the bond, since he was not on vacation at the time, and presumably, he had access to his own checkbook and funds sufficient to pay the bond so that his own case could proceed.

Dr. Traub claims, without foundation, that the plaintiff made a “tactical decision” not to retain an expert because he had, instead, decided to advance the case by posting a bond. But such a hard position does not comport with the case’s history.